**Jayakanth BALASUBRAMANIAN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 12-73339

United States Court of Appeals, Ninth Circuit.

Submitted September 13, 2016 *

Filed September 19, 2016

---

Jayakanth Balasubramanian, Pro Se

Scott Michael Marconda, Esquire, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM **

Jayakanth Balasubramanian, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency as to alleged harm against Balasubramanian's family, and the omission from Balasubramanian's asylum application of his uncle's candidacy and Balasubramanian's personal harm. *See id.* at 1048 (adverse credibility determination supported under the totality of circumstances); *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

·adverse credibility finding."). Balasubramanian's explanations do not compel a contrary result. *See Lata v. I.N.S.*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Balasubramanian's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Balasubramanian's CAT claim also fails because it is based on the same testimony the agency found not credible, and Balasubramanian does not point to any other evidence that compels the conclusion that it is more likely than not he would be tortured if returned to India. *See Shrestha*, 590 F.3d at 1048–49.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.